IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY ANN LEWIS,<br><br>    *Plaintiff,*<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 17-2270 |

**PAPPERT, J.**                                                              **July 17, 2018**

## MEMORANDUM

Kimberly Ann Lewis seeks judicial review of the Commissioner of Social Security's denial of her application for Supplemental Security Income (SSI) under Title II of the Social Security Act. Upon consideration of the administrative record, Magistrate Judge Henry Perkin's Report and Recommendation (ECF No. 14), the parties' Objections and Responses thereto (ECF Nos. 15, 17 & 18), the Court sustains the Commissioner's objection, approves and adopts the Report and Recommendation in part and denies Lewis's request for review.

I

Lewis, then 41 years old, filed an application for SSI on June 1, 2016. (Administrative Record ("R") at 129, ECF No. 8.) She is a high school graduate with additional technical school training. (R. at 129.) She is currently unemployed but has experience working as a claims and call quality analyst for a health care company. (R. at 237.)

Lewis claims to be disabled, with an onset date of February 27, 2016, due to hyperlordosis, bilaterial osteoarthritis of the knees, depression, anxiety, sciatica, chronic pain, bulging discs, memory loss, degenerative disc disease and migraines. (R. at 129.) On May 4, 2016, Lewis was examined by Dr. John Connelly, her family doctor. (R. at 301.) The examination revealed that she had bilateral ankle pitting edema, pretibial pitting edema, bilateral knee pitting edema and bilateral varicosities. (R. at 304.)

Lewis was also evaluated five times by Dr. Dong Ko, a physician at Comprehensive Pain Centers. *See* (R. at 298, 553, 556, 560, 562, 585, 846, 867–68). Dr. Ko saw Lewis in March, April and June of 2016 and found that she had hip pain. (R. at 553, 556, 560.) In August of that year, state agency consultant Dr. Leo Potera opined that, based on her physical limitations, Lewis could only perform light work with standing, walking, postural and environmental limitations. (R. at 33.) In September, Dr. Ko examined Lewis again and found that she was still experiencing hip pain. Dr. Ko also administered a nerve root block, an injection to reduce the pain in Lewis's hip. (R. at 849–50.) Ko saw Lewis again in November, noting that her condition was consistent with his prior examinations. (R. at 846–49.) Dr. Ko completed a check-box medical source statement form and opined that Lewis was incapable of performing even sedentary work. (R. at 867–68.)

The Social Security Administration denied Lewis's application for benefits on August 9, 2016, and she requested a hearing before an Administrative Law Judge. (R. at 148–52.) ALJ Ryan Hoback held the hearing on December 8, 2016. (R. at 40–78.) Lewis, represented by counsel, testified that her primary reason for requesting

disability benefits was her anxiety. (R. at 53, 65.) She stated that she does light cleaning and some cooking, and shops approximately once a week. (R. at 56–57.) Lewis also testified that she experiences lower back pain, must frequently elevate her legs to prevent swelling, and has difficulty using stairs or sitting for more than twenty minutes without changing positions. (R. at 53, 64–65.)

The ALJ ruled against Lewis on January 5, 2017. (R. at 29.) Applying the five-step sequential evaluation process,[1] the ALJ determined that Lewis was not "disabled" as defined by the Social Security Act. (R. at 20–35.) At steps one and two, the ALJ concluded that Lewis had not engaged in substantial gainful activity since February 27, 2016, the alleged onset date of her disability, and that she suffered from obesity, degenerative disc disease, major depressive disorder, anxiety, PTSD, venous insufficiency, lymphedema, cellulitis, fibromyalgia, degenerative joint disease and migraines. (R. at 25.) At step three, the ALJ found that Lewis's impairments did not meet or medically equal the severity of one of the listed impairments. (R. at 26.)

At step four, the ALJ found that Lewis had the RFC to perform sedentary work, albeit with a number of sitting, postural and environmental limitations. (R. at 29.)

---

[1] The Commissioner has established a five-step process to determine whether claimants are disabled. 20 C.F.R. § 416.920(a). At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity." *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004) (citation omitted); 20 C.F.R. § 416.920(b). If not, the ALJ proceeds to step two where he or she must determine whether the claimant has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." *Ramirez*, 372 F.3d at 550 (citation omitted); 20 C.F.R. § 416.920(c). If the claimant successfully demonstrates a "severe impairment," the ALJ proceeds to step three to assess whether the impairment meets or medically equals one of the listed impairments; if so, the claimant qualifies for disability. *Ramirez*, 372 F.3d at 550–51 (citation omitted); 20 C.F.R. §416.920(d). If, however, the impairment does not meet or medically equal a listed impairment, the inquiry proceeds to step four where the ALJ determines whether the claimant has the "residual functional capacity" (RFC) to perform any prior relevant work. *Ramirez*, 372 F.3d at 551; 20 C.F.R. §416.920(e). If the claimant can perform any prior relevant work, he or she will not be found disabled. *Ramirez*, 372 F.3d at 551. If not, the fifth step requires the ALJ to consider "vocational factors" (age, education and past work experience) to determine whether the claimant is capable of performing other jobs existing in the national economy. *Id.* (citing 20 C.F.R. §§ 404.1520(f), 404.1560(c), 416.920(f), 416.960(c)).

Given this RFC, the ALJ concluded that Lewis could not perform her past relevant work. (R. at 33.) At step five, however, the ALJ found that Lewis's RFC permits her to perform jobs that exist in significant numbers in the national economy, including inspector and sorter, compact assembler and teleorder clerk. (R. at 34.) The ALJ thus found that Lewis was not disabled within the meaning of the statute and not entitled to benefits. (R. at 35.)

The ALJ's decision became final after the Appeals Council denied Lewis's request for review on March 21, 2017. (R. at 1–6.) Lewis filed this lawsuit on May 17, 2017, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Compl., ECF No. 3.) Lewis contends that the ALJ erroneously failed to assign controlling weight to the opinion of Dr. Ko and that the ALJ's RFC assessment was not supported by substantial evidence. *See* (Compl. at 1–2; Pl.'s Br. at 8, ECF No. 10).

On March 6, 2018, Judge Perkin issued his R & R. (ECF No. 14.) He rejected Lewis's first argument, finding the ALJ did not err in declining to assign controlling weight to Dr. Ko's opinion. (*Id.* at 10.) Neither Lewis nor, of course, the Commissioner, objected to this finding.[2] Judge Perkin, however, agreed with Lewis that the ALJ's RFC assessment was not supported by substantial evidence because "[t]here was no opinion

---

[2] When reviewing those portions of the report to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). For the portions of the R&R to which neither party objected, no clear error appears on the face of the record and the Court accordingly accepts Judge Perkin's recommendation that the ALJ did not err in declining to assign controlling weight to Dr. Ko's opinion. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, 'the law is clear…that the opinion of a treating physician does not bind the ALJ…[and] [s]tate agent opinions merit significant consideration as well."); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best[.]").

4

in the record used by the ALJ in establishing Plaintiff's physical exertional capacity." (*Id.*) The Commissioner objected to this conclusion and the Court reviews *de novo* the specific portions of the R & R to which the Commissioner objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

II

The Court's role on review is to determine whether the ALJ's conclusions were supported by substantial evidence. 42 U.S.C. § 405(g); *see also Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is evidence which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552 (internal quotation marks and citation omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)).

In reviewing the ALJ's decision, the Court is not permitted to re-weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler*, 667 F.3d at 359 (citation omitted). "The ALJ resolves conflicts in the evidence, determines the evidence's credibility, and assigns the appropriate weight to be given such evidence." *D'angelo v. Colvin*, No. 14-6594, 2016 WL 930690, at *2 (E.D. Pa. Mar. 11, 2016) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Mason*, 994 F.2d 1066). "If the ALJ's decision is supported by substantial evidence, the Court may not set it aside even if the Court would have decided the factual inquiry differently." *Santiago v.*

*Barnhart*, 367 F. Supp. 2d 728, 732 (E.D. Pa. 2005) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

The ALJ's decision must "present a sufficient explanation of the final determination in order to provide the reviewing court with the benefit of the factual basis underlying the ultimate disability finding." *D'angelo*, 2016 WL 930690 at *1 (citing *Cotter v. Harris*, 642 F.2d 700, 704–05 (3d Cir. 1981)). The decision need only discuss the most relevant evidence concerning a claimant's disability, "but it must provide sufficient discussion to allow the reviewing Court to determine whether its rejection of potentially significant evidence was proper." *Id.* (citing *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203–04 (3d Cir. 2008)).

### III

The ALJ is responsible for assessing and determining the claimant's RFC, 20 C.F.R. § 416.946(c), by considering all of the relevant medical and other evidence in the record, 20 C.F.R. § 416.945(a)(3). *See also Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."). "[T]he ALJ should accompany its RFC finding with 'a clear and satisfactory explication of the basis on which it rests.'" *Santiago*, 367 F. Supp. 2d at 732 (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001)). "Although reliance on State consultants' and treating physicians' opinions is common and ALJs are required to consider any existing State consultant reports, the regulations do not require ALJs to seek outside expert assistance." *Chandler*, 667 F.3d at 362 (citations omitted).

The ALJ considered all relevant evidence and adequately discussed the bases for his RFC determination. In a four-page analysis of Lewis's RFC, the ALJ discussed Lewis's medical history, reports and treatment records, the opinions of Drs. Ko and Potera and Lewis's testimony concerning her physical abilities and limitations. *See* (R. at 29–33). His RFC analysis and explanation was thorough, recounting Lewis's many alleged limitations and providing her treatment history in extensive detail. (R. at 29–33.) When the ALJ assigned limited or partial weight to evidence, including the opinions of Drs. Ko and Potera, he explained his reasons for doing so. After considering and weighing all of the evidence, the ALJ determined Lewis's RFC.

Lewis argued, and Judge Perkin agreed, that the ALJ's RFC decision was not supported by substantial evidence because the ALJ rejected Dr. Ko's opinion and gave partial weight to the opinion of Dr. Potera, purportedly leaving no medical opinion on which to base his determination that Lewis could perform sedentary work. (Pl.'s Br. at 16–17; R & R at 10–11.) Because the ALJ did not assign significant weight to any particular medical opinion, Judge Perkin concluded that "the ALJ 'impermissibly engaged in a manner of speculation.'" (R & R at 11.) As explained above, the ALJ's assessment was thorough and comprehensive, taking into account medical records, hearing testimony and the opinions of Drs. Ko and Potera, albeit while rejecting or granting partial weight to those opinions.

The ALJ's analysis belies the conclusion that his findings were based on impermissible speculation. The ALJ credited Dr. Potera and gave his opinion partial weight, incorporating the doctor's sitting, postural and environmental restrictions into the RFC analysis. Indeed, after weighing the entire record, including Lewis's

testimony, the ALJ imposed *greater* restrictions on Lewis's RFC than Dr. Potera deemed necessary.³ (R. at 33.) The ALJ was "not bound to accept the opinion or theory of any medical expert," but rather could "weigh the medical evidence and draw his own inferences." *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986); *see also Chandler*, 667 F.3d at 361–62 (approving ALJ's RFC determination that incorporated physician's opinion but added additional restrictions the physician did not deem necessary based on nurse practitioner's opinion). Moreover, "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). The ALJ did so when he gave partial weight to Dr. Potera's opinion, along with an assessment of Lewis's medical records and her hearing testimony. Thus, "there was supporting evidence in the record, including an opinion which, if fully accepted, supported a *less restrictive* RFC than that assessed by the ALJ." *Armbruster v. Colvin*, No. 14-3026, 2016 WL 5930913, at *6–7 (E.D. Pa. Oct. 12, 2016) (emphasis added); *see also Cleinow v. Berryhill*, No. 17-213, 2018 WL 2017318, at *2 (E.D. Pa. May 1, 2018) (finding "that an ALJ is not restricted to adopting the conclusions of a medical opinion in making an RFC determination....[T]he ALJ properly considered Plaintiff's medical records as a whole in determining Plaintiff's RFC, and was not required to rely on a

---

³ In her brief, Lewis asks the Court to send the case back to the ALJ with instructions that he reassess Lewis's RFC by giving Dr Ko's opinion controlling weight. (Pl.'s Br. at 18.) Judge Perkin, however, concluded that the ALJ did not err when he chose not to give controlling weight to Ko's opinion. (R & R at 8–9.) Lewis did not object to this finding and no clear error appears on the face of the record. *See supra* note 3, at 5. Lewis now argues that the Court should remand so that the ALJ can reassess her RFC, presumably by now crediting Dr. Ko's opinion.

8

specific medical opinion."); *Northington v. Berryhill*, No. 17-2922, 2018 WL 2159923, at *1 n.1 (E.D. Pa. May 10, 2018) (same).

Lewis relies extensively on *Doak v. Heckler*, 790 F.2d 26 (3d Cir. 1986) for her argument that the ALJ's RFC assessment was not supported by substantial evidence. *See* (Pl.'s Resp. at 3–5). In *Doak*, the record contained examination reports from three physicians: (1) a treating physician who opined that the plaintiff was disabled; (2) an examining state agency surgeon who found that the plaintiff could perform sedentary work; and (3) an examining state agency internist who concluded that the plaintiff had emphysema but did not opine on the plaintiff's ability to work. *Id.* at 28–29. The ALJ nonetheless concluded that the plaintiff had the RFC to perform light work, despite the lack of record evidence supporting that conclusion. *Id.* at 27; *see also Cleinow*, 2018 WL 2017318 at *2. On appeal, the Circuit Court reversed and held that "the ALJ's conclusion that he could [perform light work was] not supported by substantial evidence" because "[n]o physician suggested that the activity Doak could perform was consistent with the definition of light work[.]" *Doak*, 790 F.2d at 29.

Here, unlike *Doak*, there is evidence in the record supporting the ALJ's RFC assessment that Lewis could perform sedentary work, including extensive medical records and Lewis's testimony. In fact, Dr. Potera's opinion provided a basis for a finding by the ALJ that Lewis could have performed an additional array of jobs, but after considering that opinion in conjunction with other record evidence, the ALJ concluded that Lewis's RFC was more limited. *See Armbruster*, 2016 WL 5930913 at *6–7. "This is a distinguishing factor which takes this case out of the realm of cases where no evidence supported the ALJ's RFC assessment." *Id.* at *7; *see also Cleinow*,

9

2018 WL 2017318 at *2. The ALJ's RFC assessment was supported by substantial evidence, and *Doak* does not alter that conclusion.

An appropriate Order follows.

BY THE COURT:

/s/ *Gerald J. Pappert*

GERALD J. PAPPERT, J